# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**CHAD WILLIAM REED,**

    **Plaintiff,**

v.

**MARK D. UPTEGROVE, et al.,**

    **Defendants.**

Case No. 25-CV-119-RAW-GLJ

## OPINION AND ORDER

Plaintiff Chad William Reed ("Reed"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Before the court is the Motion to Dismiss submitted by Defendants McCurtain County District Judge Emily Maxwell and Special Judge Mark Uptegrove (the "Judicial Defendants") (Dkt. 18) and the Motion to Dismiss submitted by Defendant McCurtain County District Attorney Mark Matloff ("Defendant Matloff") (Dkt. 20). Along with the motions to dismiss (Dkts. 18, 20), the court also considered Reed's Objection to Judicial Defendant's Motion to Dismiss (Dkt. 32), the Judicial Defendants' Reply in Support of Their Motion to Dismiss (Dkt. 35), Reed's Objection to Motion to Dismiss of Defendant Matloff (Dkt. 24), Matloff's Reply in Support of his Motion to Dismiss (Dkt. 28), and Reed's Sur-Reply (Dkt. 34). For the reasons discussed herein, the Judicial Defendants' Motion to Dismiss (Dkt. 18) and Defendant Matloff's Motion to Dismiss (Dkt. 20) are granted.

## BACKGROUND

Reed's claims arise from his unsuccessful applications for post-conviction relief. Reed as charged in 2006 with first degree murder in the District Court of McCurtain County, Case No. CF-

2006-581.  *See* Dkt. 18-1.[1]  After his conviction, Reed appealed his conviction via direct appeal to the Oklahoma Court of Criminal Appeals (the "OCCA"), Case No. F-2008-449.  *See* Dkt. 18-2.  The OCCA affirmed Reed's judgment and sentence.  *Id.* at 5.[2]  Reed filed his first application for post-conviction relief in 2010.  Dkt. 18-1 at 14.  The application for post-conviction relief was denied in 2013.  *Id.* at 16.  The OCCA affirmed the denial of his application for post-conviction relief the same year.  Dkt. 18-3 at 2.

Subsequently, Reed filed a second application for post-conviction relief on January 18, 2023, and it was denied by the state district court on March 4, 2024.  Dkt. 18-1 at 17-18.  The OCCA affirmed the denial on July 15, 2024.  Dkt. 18-4.  Reed, asserting a myriad of constitutional violations, challenges the denial of his second application for post-conviction relief in the instant suit.  Relevant to this Order, Reed asserts claims against Special District Judge Mark Uptegrove, District Judge Emily Maxwell and District Attorney Mark Matloff.  Each defendant has moved to dismiss Reed's claims.  Dkts. 18, 20.

## DISCUSSION

### I.  Standard of review

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted.  To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if the facts alleged "raise a

---

[1] The state court docket sheets for this case, and Reed's appellate cases, are available to the public through Oklahoma State Courts Network (oscn.net).  "Federal courts may take judicial notice of state court docket sheets, and proceedings in other courts that have direct relation to matters in issue."  *Davis v. Morgan*, Case No. 21-CV-411-GKF-JFJ, 2021 WL 6298321, at *1, n.2 (N.D. Okla. Sep. 27, 2021) (unpublished) (citing *Stack v. McCotter*, 79 F. App'x. 383, 391 (10th Cir. 2003), and *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).
[2] The court's citations refer to the CM/ECF header pagination.

reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor. *Id.* But the court may disregard legal conclusions or conclusory statements devoid of factual support. *Id.*; *Iqbal*, 556 U.S. at 678. When analyzing a motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chaves*, 55 F.3d 488, 494 (10th Cir. 1995).

Further, when a plaintiff appears without counsel, the court must liberally construe the complaint. *Hall*, 935 F.2d at 1110. But even self-represented litigants bear the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." *Id.* This is so because the facts giving rise to the plaintiff's claims should be known to the self-represented plaintiff even if the plaintiff lacks knowledge of the specific legal theories that support his or her claims. The rule of liberal construction merely aids the self-represented plaintiff by permitting the court to overlook basic drafting errors and confusion of legal theories in determining whether the factual allegations in the complaint can be "reasonably read . . . to state a valid claim on which the plaintiff could prevail." *Id.* But the rule of liberal construction neither permits nor requires a court to assume the role of the unrepresented litigant's advocate by "supply[ing] additional factual allegations to round out a plaintiff's complaint or construct[ing] a legal theory on a plaintiff's behalf." *Whitney v. New*

*Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting *Bell Atl. Corp.*, 550 U.S. at 556). Nonetheless, dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp.*, 550 U.S. at 558. The court now turns to Reed's complaint.

## II. Claims against McCurtain County District Judge Emily Maxwell

Concerning Defendant Maxwell, Reed requests "injunctive relief in the form of recusal of all District 17 judges, because Judge Emily Maxwell's husband is ex-McCurtain County Sheriff Johnny Tadlock and one of the claims in Plaintiff's post-conviction is that he was arrested without probable cause[.]" Dkt. 1 at 17. Reed continues, "District Judge Maxwell can order any judge to rule the way she wants them too to protect her husband Johnny Tadlock from a lawsuit for violating Plaintiff's rights." *Id.*

"In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Reed must "identify *specific* actions taken by *particular* defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (italics in original) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). Here, Reed fails to allege any specific actions taken by Defendant Maxwell. Instead, Reed's claims against Defendant Maxwell are based on speculation alone. A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted); *see also Foreman v. Elam*, Case No. CIV 18-071-RAW-SPS, 2019 WL 1413755, at *5 (E.D. Okla. Mar. 28, 2019) ("speculation is

4

insufficient to state a claim."). Reed has failed to state a claim against Defendant Maxwell. Therefore, the court grants Defendant Maxwell's Motion to Dismiss (Dkt. 18).[3]

### III. Claims against McCurtain County Special Judge Uptegrove

Concerning Defendant Uptegrove, Reed alleges he filed a post-conviction application in 2022, it was assigned to Defendant Uptegrove, and Defendant Uptegrove "acting without jurisdiction … applied a procedural bar and refused to rule on the merits therefore violating this Petitioner's due process and equal treatment of the OK post-conviction statute[.]" Dkt. 1 at 5, 9. Reed alleges Defendant Uptegrove violated his First Amendment right to access the courts and to address grievances against the government, his Fourteenth Amendment right to due process and equal protection, his Eighth Amendment protections against cruel and unusual punishment and engaged in a conspiracy pursuant to 42 U.S.C. § 1985. *Id.* at 12-13. Reed seeks damages, injunctive relief and declaratory relief. *See id.* at 12-13, 19. Defendant Uptegrove argues the claims against him are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), he is entitled to immunity, Reed has failed to state a claim against him and this court lacks jurisdiction to grant Reed's requests for injunctive and declaratory relief. *See* Dkt. 18. The court agrees and dismisses the claims against Defendant Uptegrove.

#### A. The *Heck* bar

To the extent Reed's suit is meant to directly attack the validity of his conviction, his claims against Defendant Uptegrove must be dismissed "as an improper use of Section 1983." *Alexander*

---

[3] Defendant Maxwell also argued the *Heck* doctrine, discussed below, bars Reed's claims, she is immune from suit and this court lacks jurisdiction over Reed's claims requesting injunctive and declaratory relief. *See* Dkt. 18. Because the court concludes Reed has failed to state a claim against Defendant Maxwell, the court declines to address these alternative arguments as they relate to Defendant Maxwell.

*v. Lucas,* 259 F. App'x 145, 147 (10th Cir. 2007).[4] In *Heck*, the Supreme Court stated that, if judgment in favor of the prisoner plaintiff in a Section 1983 damages suit "would necessarily imply the invalidity of his conviction or sentence[, then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the rule in *Heck* to Section 1983 claims that, like Reed's, seek declaratory relief); *Lawson v. Engleman*, 67 F. App'x 524, 526 n.2 (10th Cir. 2003) (concluding plaintiff's "claims for declaratory and injunctive relief are barred under *Heck*" because "his request … necessarily implies the invalidity of his conviction or sentence.").

In his Complaint, Reed makes a number of arguments that would, if accepted by a court, clearly indicate the invalidity of his conviction. For example, Reed argues his conviction was the result of perjured testimony (*see* Dkt. 1 at 3), he is innocent of the offense (*id.* at 5) and Defendant Uptegrove acted without jurisdiction (*id.* at 9). Moreover, Reed has not demonstrated that his conviction has already been invalidated. "As such, Reed's suit, construed in this way, has no proper basis as a Section 1983 claim." *Alexander*, 259 F. App'x at 148.

Reed argues in his Response that his claim is not barred by *Heck* because the exception identified in *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010) applies. Dkt. 32 at 1-2. In *Cohen*, the plaintiff raised two allegations in a civil rights complaint: false imprisonment and denial of access to the courts. *See id.* at 1315. The district court found that *Heck* would bar his claims because the plaintiff had not already "invalidated his imprisonment;" however, the plaintiff's transfer out of custody mooted any potential for habeas relief. *Id.* In a case of first

---

[4] The court cites all unpublished decisions herein for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

impression, the Tenth Circuit held that a plaintiff "who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Id.* at 1317.

Unlike in *Cohen*, Reed still has an available remedy: Reed could move for authorization from the Tenth Circuit to file a second or successive petition raising the constitutional claim identified in this action. *See* 28 U.S.C. § 2244(2)(B)(i), (ii). As such, *Cohen* does not apply here. *See Marshall v. Lombardi*, Case No. 13-CV-484-SPF-PJC, 2013 WL 5223507, at *3 (N.D. Okla. Sept. 16, 2013) (suggesting that *Cohen* did not prevent *Heck's* application due to the availability of a request for permission to file a second or successive petition but denying plaintiff's claims on the merits without deciding). Therefore, *Cohen* does not apply to Reed's claims, and they are barred by *Heck*.

### B. The *Rooker-Feldman* doctrine

To the extent Reed does not challenge the validity of his conviction but is only challenging the Defendant Uptegrove's application of procedural bars to dismiss his post-conviction application (*see* Dkt. 1 at 136), his claims against Defendant Uptegrove are not barred by *Heck* but still must be dismissed pursuant to the *Rooker-Feldman* doctrine. *See Alexander*, 259 F. App'x at 148.

Under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to consider suits "that amount to appeals of state-court judgments." *Bolden v. City of Topeka,* 441 F.3d 1129, 1139 (10th Cir.2006). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.,* 544 U.S. 280, 284 (2005). Reed clearly seeks review and rejection of Defendant Uptegrove's order denying his application for post-conviction relief. Dkt.

7

1 at 13 ("Plaintiff would simply like for his claims on post-conviction to be ruled upon for relief."). This court does not have jurisdiction to provide such relief. *See Alexander*, 259 F. App'x at 148.

### C. Judicial immunity

Additionally, Defendant Uptegrove is entitled to immunity from suit for civil damages. It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 13 (1991))). Reed explicitly requests damages. Dkt. 1 at 12-13, 19. Defendant Uptegrove was "performing judicial acts and [was] therefore clothed with absolute judicial immunity[]" when he ruled on Reed's application for post-conviction relief. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

For all the reasons outlined above, the court grants Defendant Uptegrove's Motion to Dismiss (Dkt. 18).

### IV. Claims against McCurtain County District Attorney Matloff

Reed also asserts several claims against Defendant Matloff. The court discerns the following claims: a due process violation premised upon a *Napue* claim and a *Brady* claim, a retaliation claim, and a cruel and unusual punishment claim. *See* Dkt. 1 at 13-17. Defendant Matloff only addresses Reed's *Brady* claim and, in passing, the retaliation claim. *See* Dkt. 20.[5] Defendant Matloff contends Reed's *Brady* claim is barred by *Heck,* the *Rooker-Feldman* doctrine and "a *Brady* violation cannot arise from information the accused already knows." *Id.* at 1-2.

---

[5] Defendant Matloff did address the *Napue* claim in his reply brief. However, "arguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir.2011). Nevertheless, pursuant to the court's obligation to screen Reed's complaint, the court will address all claims presented. 28 U.S.C. § 1915(e)(2)(B).

8

### A. The *Napue* claim

To establish a *Napue* violation, a defendant must show that the prosecution knowingly solicited false testimony or knowingly allowed it "to go uncorrected when it appear[ed]." *Napue v. People of State of Illinois,* 360 U.S. 264, 269 (1959). If the defendant makes that showing, a new trial is warranted so long as the false testimony "may have had an effect on the outcome of the trial," *id.* at 272,—that is, if it "'in any reasonable likelihood [could] have affected the judgment of the jury[.]'" *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *Napue*, 360 U.S. at 271). Here, Reed alleges the state's witness, Patricia Hollingsworth ("Hollingsworth"), provided perjured testimony at his trial. Dkt. 1 at 13-14. Reed directs the *Napue* claim at Defendant Matloff for allegedly failing to "correct the perjured testimony" when Reed presented the issue in his 2023 application for post-conviction relief. *Id.* at 14.

As an initial matter, the court questions whether Reed can state a cognizable claim against Defendant Matloff for a *Napue* violation given Reed readily admits Defendant Matloff did not prosecute him. *Id.* at 13-14. The court further questions the timeliness of this claim.[6] Assuming without deciding Reed has stated a claim and it is timely, the court concludes Reed's *Napue* claim against Defendant Matloff barred by *Heck*.

Judgment in favor of Reed in this action would clearly imply the invalidity of his state court action. Reed requests this court to "order DA Matloff to confess said [*Napue*] violation so that [Reed] may file a new post-conviction." Dkt. 1 at 17. Reed's claim is essentially a prosecutorial misconduct claim which is barred by *Heck*. *See Baldwin v. O'Connor*, 466 F. App'x 717, 717-18 (10th Cir. 2012) (affirming dismissal of prosecutorial misconduct claims under § 1983

---

[6] In his Response to the Judicial Defendants' Motion to Dismiss, Reed states, in his original 2010 application for post-conviction relief, he "brought forth a prosecutorial misconduct claim for using the perjured testimony of state's witness Patricia Hollingsworth." Dkt. 32 at 2.

9

pursuant to *Heck*); *Ramos v. Shepherd*, 415 F. App'x 48, 48-49 (10th Cir. 2011) (holding that claims that a sheriff's deputy gave perjured testimony and the deputy public defender and deputy district attorney failed to alert the court were properly dismissed pursuant to *Heck*).[7]

Reed again argues in his Response that his claims are not barred by *Heck* because the exception identified in *Cohen*, 621 F.3d 1311, applies. Dkts. 24 and 34 at 3. As noted above, Reed does not fall within the *Cohen* exception to *Heck*. *See supra* at Section III(A). Therefore, to the extent Reed requests damages, declaratory relief and/or injunctive relief from Defendant Matloff, his *Napue* claim is barred by *Heck*. *See Heck*, 512 U.S. at 487; *see also Edwards,* 520 U.S. at 648; *see also Lawson*, 67 F. App'x at 526 n.2.

### B. The *Brady* claim

As for the due process claim premised upon the alleged *Brady* violation, Reed alleges Defendant Matloff reached an agreement with Hollingsworth, wherein she would testify against Reed in his criminal trial in exchange for preferential treatment regarding her own criminal charges. *See, generally*, Dkt. 1 at 16. Reed alleges Defendant Matloff "has still refused to tell" Reed the contents of the alleged Matloff-Hollingsworth agreement and this constitutes a due process violation. *See id.*

Defendant Matloff argues Reed's *Brady* claim is also barred by *Heck*. Dkt. 20 at 5-6. The court agrees. Again, assuming without deciding that any deal between the state and Hollingsworth was material to Reed's guilt, "a *Brady* claim, when successful postconviction, necessarily yields

---

[7] Significantly, Reed previously presented a nearly identical claim against Oklahoma Attorney General Gentner Drummond for "improperly refusing to intercede in the post-conviction proceedings to concede a *Napue* violation by the prosecution and seek a new trial on [Reed's] behalf[.]" *Reed v. Drummond*, Case No. CIV-25-672-J, 2025 WL 3171867, at *3 (W.D. Okla. Sep. 29, 2025), *report and recommendation adopted by* 2025 WL 2992559 (W.D. Okla. Oct. 24, 2025). The Honorable Bernard M. Jones dismissed this claim as barred by *Heck*. *See Reed v. Drummond*, Case No. CIV-25-672-J, 2025 WL 2992559, at *2 (W.D. Okla. Oct. 24, 2025).

evidence undermining a conviction[.]" *Skinner v. Switzer*, 562 U.S. 521, 536 (2011). "Accordingly, *Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983." *Id.* (citing *Heck*, 512 U.S. at 490); *see also Beck v. Muskogee Police Dept.*, 195 F.3d 553, 560 (10th Cir. 1999). And, as noted above, *Cohen* does not provide Reed with a loophole to avoid the *Heck* bar. *See supra.* Therefore, any request for damages, declaratory relief or injunctive relief from Defendant Matloff for a due process violation premised on a *Brady* claim is barred. *See Heck*, 512 U.S. at 487*; see also Edwards,* 520 U.S. at 648; *see also Lawson*, 67 F. App'x at 526 n.2. [8]

### C. Retaliation claim

Concerning his retaliation claim, Reed alleges he was arrested on November 21, 2006, was charged November 28, 2006, and in early December of 2006 had an exchange with Defendant Matloff through the jail window wherein Defendant Matloff stated, "[y]ou talked bad about me in the newspaper and I am personally going to make sure you spend the rest of your life in prison!" Dkt. 1 at 14. Reed alleges "Plaintiff was charged with second degree murder in a self-defense shooting because of his protected free speech under the 1st Amendment." *Id.* at 15. Despite this exchange admittedly occurred *after* Reed was charged and despite Reed acknowledging Defendant Matloff did not prosecute him, Reed alleges the aforementioned conduct constitutes retaliation.

Defendant Matloff briefly argues he is entitled to prosecutorial immunity as it relates to this claim. *See* Dkt. 20 at 10-11. The court concludes the claim is time-barred. Because § 1983

---

[8] The court further notes Reed failed to allege any specific conduct by Defendant Matloff to support his *Brady* claim. Reed explicitly alleges the Bryan County District Attorney's Office prosecuted his charges. Dkt. 1 at 14-15. Thus, any exculpatory information that was not provided to Reed cannot be attributed to Defendant Matloff. Further, Reed has not alleged Defendant Matloff had any direct personal responsibility for any claimed deprivation. Therefore, for these additional reasons, Reed has failed to state a claim against Defendant Matloff.

does not contain a statute of limitations, federal courts "must adopt the most analogous limitations period provided by state law." *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984); *see Wallace v. Kato*, 549 U.S. 384, 387 (2007) (noting that the statute of limitations for a § 1983 action "is that which the [s]tate provides for personal-injury torts"). In Oklahoma, the applicable statute of limitations is two (2) years. Okla. Stat. tit. 12, § 95(3); *Titsworth v. Okla. Dep't of Corr.*, 561 F. App'x 746, 747 (10th Cir. 2014); *Stevenson v. Grace*, 356 F. App'x 97, 98 (10th Cir. 2009); *Alexander v. Oklahoma*, 382 F.3d 1206, 1212 n.1 (10th Cir. 2004).

But federal law governs the accrual date of a § 1983 claim. *Wallace*, 549 U.S. at 388. Under federal law, a § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)); *see also Alexander*, 382 F.3d at 1215 ("In general, under the federal discovery rule, claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'" (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994))). Thus, a plaintiff in Oklahoma ordinarily must file a § 1983 action within two (2) years of the date when the facts supporting the plaintiff's cause of action are or should be apparent to the plaintiff. In some circumstances, the statute of limitations is subject to tolling, and "state law governs the application of tolling in a civil rights action." *Alexander*, 382 F.3d at 1217.

Here, Reed alleges the exchange which forms the basis of his retaliation claim occurred in 2006. The jury trial was held in February of 2008. Dkt. 18-1 at 10-11. Therefore, at the latest, Reed was aware of the alleged retaliation and resulting injury when he was convicted in February of 2008. Reed does not allege any facts which support tolling the applicable statute of limitations. Therefore, this claim is untimely and must be dismissed.

### D. Cruel and unusual punishment

For his final claim against Defendant Matloff, Reed alleges "Matloff['s] actions also violated the Eighth Amendment against cruel and unusual punishment for leaving me illegally incarcerated." Dkt. 1 at 16. Defendant Matloff did not address this claim. *See* Dkt. 20, 28. To the extent Plaintiff specifically invokes the Eighth Amendment in claiming his confinement amounted to cruel and unusual punishment, his claim fails. Reed was a pretrial detainee at the time of the incidents giving rise to his claims. *Id.* at 13-15. The Eighth Amendment's protections are not applicable to pretrial detainees. *See Colbruno v. Kessler,* 928 F.3d 1155, 1162 (10th Cir. 2019). Therefore, the court dismisses Reed's Eighth Amendment cruel and unusual punishment claim.

For all of the reasons articulated above, Reed's claims against Defendant Matloff fail, and the court grants Defendant Matloff's Motion to Dismiss (Dkt. 20).

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants McCurtain County District Judge Emily Maxwell and Special Judge Mark Uptegrove's Motion to Dismiss (Dkt. 18) is **granted**, and Plaintiff Chad William Reed's claims against Defendants Maxwell and Uptegrove are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Defendant McCurtain County District Attorney Mark Matloff's Motion to Dismiss (Dkt. 20) is **granted**, and Reed's claims against Defendant Matloff are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that a separate judgment of dismissal shall be entered.

**DATED** this 12th day of December, 2025.

Ronald A. White
United States District Judge
Eastern District of Oklahoma